**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**LIBERTY SURPLUS INSURANCE**
**CORPORATION,**
175 Berkeley Street
Boston, MA 02117

                        **Plaintiff,**

**v.**

**1215 CT, LLC d/b/a ROSEBAR LOUNGE,**
SERVE:
Yama Jewayni
2107 O Street NW
Washington, DC 20037

**IESHA MARIE CRESPO,**
SERVE:
John V. Golaszewski
The Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York

**ABIGAIL RATCHFORD,**
SERVE:
John V. Golaszewski
The Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York

**ANDRA "ANA" CHERI MORELAND,**
SERVE:
John V. Golaszewski
The Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York

**ARIANNY CELESTE,**
SERVE:
John V. Golaszewski
The Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York

Case No.

**CLAUDIA SAMPEDRO,**
SERVE:
John V. Golaszewski
The Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York

**GALLIENNE NABILA,**
SERVE:
John V. Golaszewski
The Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York

**KHLOE TERAE,**
SERVE:
John V. Golaszewski
The Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York

                    **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Liberty Surplus Insurance Corporation ("Liberty"), by and through its undersigned counsel, files this Complaint and alleges as follows:

## PARTIES

1.      Plaintiff Liberty is a New Hampshire corporation with its principal place of business in Boston, Massachusetts.

2.      Defendant 1215 CT, LLC d/b/a Rosebar Lounge ("Rosebar") is a limited liability company organized under the laws of the District of Columbia with its principal office in the District of Columbia. Upon information and belief, there are no members of Rosebar who are citizens of New Hampshire or Massachusetts.

3.      Defendant Iesha Marie Crespo, a natural person, is a citizen and resident of Florida.

2

4.      Defendant Abigail Ratchford, a natural person, is a citizen and resident of California.

5.      Defendant Andra "Ana" Cheri Moreland, a natural person, is a citizen and resident of California.

6.      Defendant Arianny Celeste Lopez, a natural person, is a citizen and resident of California.

7.      Defendant Claudia Sampedro, a natural person, is a citizen and resident of Florida.

8.      Defendant Gallienne Nabiila, a natural person, is a citizen and resident of California.

9.      Defendant Khloe Terae, a natural person, is a citizen and resident of California.

**JURISDICTION AND VENUE**

10.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of determining an issue of actual, substantive, and justifiable controversy between the parties concerning their respective rights, duties and obligations with respect to a commercial property/commercial general liability policy.

11.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as the parties have diverse citizenship and the amount in controversy exceeds $75,000, as such, this Court has original jurisdiction.

**STATEMENT OF THE CASE**

1.      Defendant Rosebar is a restaurant and gentlemen's club operating at 1215 Connecticut Avenue NW, Washington, DC 20036.

3

2.      Liberty issued a commercial property/commercial general liability policy to Defendant Rosebar, policy no. HP-0000896-0, with policy period August 7, 2017 to August 7, 2018 (the "Policy"). A true and accurate copy of the Policy is attached as <u>Exhibit 1</u>.

3.      The Policy was written on real property in the District of Columbia and provides coverage for Rosebar's business activities in the District of Columbia pursuant to the terms and conditions of the Policy.

4.      Defendant Rosebar seek insurance coverage under the Policy for defense and indemnification of a lawsuit currently pending in the United States District Court for the District of Columbia: *Iesha Marie Crespo, et al. v. 1215 CT LLC d/b/a Roserbar, et al.,* Case No. 1:22-cv-03801-TNM (the "Lawsuit"). A true and accurate copy of Amended Complaint in the Lawsuit is attached as <u>Exhibit 2</u>.

5.      Defendants Iesha Marie Crespo, Abigail Ratchford, Andra "Ana" Cheri Moreland, Arianny Celeste, Claudia Sampedro, Gallienne Nabila, and Khloe Terae (collectively the "Underlying Plaintiffs") are plaintiffs in the Lawsuits and identify as professional models who have been injured due to Rosebar's alleged misappropriation and unauthorized use of their images and likeness in its advertising without their consent or renumeration.

6.      The Underlying Plaintiffs are joined in this declaratory judgment action solely as to be bound by any declarations from this Court. Liberty asserts no affirmative claims against Underlying Plaintiffs and will dismiss them from the action if they stipulate to be bound by the declarations of this Court.

7.      The Underlying Plaintiffs, pursuant to Local Civil Rule 5.1.(c)(1) filed their addresses under seal in the Lawsuit. However, the Underlying Plaintiffs specifically aver that they

are residents and citizens of California and Florida. Ex 2, ¶¶ 8-14. Accordingly, this Court lacks personal jurisdiction over these defendants.

8.     In the District of Columbia, the Underlying Plaintiffs, as injured parties, are deemed necessary parties to this declaratory judgment action to determine coverage under the Policy. *United States Fire Inc. Co. v. Milton Co.,* 938 F. Supp. 56, 57 (D.D.C. 1996) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941). However, they are not indispensable parties as defined by Fed. R. Civ. P. 19(b), as they are currently litigating claims in this Court, and are being given notice and a "full and fair opportunity" to participate in this declaratory judgment action. *Id.* quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979).

9.     Underlying Plaintiff's filed the Lawsuit on December 22, 2022, and served Defendant Rosebar on January 20, 2023.

10.    Defendant Rosebar, after moving for an extension of time to respond, filed a motion to dismiss on March 17, 2023, and, thereafter, an answer in the Lawsuit on June 13, 2023.

11.    Following a telephone conference on June 16, 2023, this Court ordered fact discovery to begin on July 1, 2023, with fact discovery to complete by December 31, 2023. The Court also referred the Lawsuit to a Magistrate Judge for mediation.

12.    A mediation in the Lawsuit was held with Judge Robin M. Meriweather on December 11, 2023, but was not successful.

13.    Thereafter, on December 21, 2023, Underlying Plaintiff's filed a Motion for Leave to Amend their Complaint and proposed Amended Complaint.

14.    On December 29, 2023, Defendant Rosebar provided notice of this claim and the Lawsuit to Liberty for the first time.

15. On January 19, 2024, this Court granted Underlying Plaintiff's Motion for Leave to Amend their Complaint and the Amended Complaint was filed on January 24, 2024.

16. Liberty agreed to defend Rosebar in the Lawsuit subject to a reservation of rights. A copy of Liberty's reservation of rights is attached as Exhibit 3.

17. Liberty contemporaneously files this declaratory judgment action to determine its obligations to Defendant Rosebar in the Lawsuit under the Policy.

### THE INSURANCE POLICY

18. The Named Insured on the Policy is 1215 CT LLC d/b/a Rosebar Lounge. The Designated Location listed on the Policy is 1215 Connecticut Avenue NW, Washington, DC, 20036, the location of the Rosebar Lounge club. The occupancy description for the premises is "Restaurants." (Ex. 1, Declarations; Schedule of Locations.)

19. The Policy provides the following relevant coverage grant for "bodily injury" and "property damage":

> *SECTION I – COVERAGES*
> *COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY*
> *1.* *Insuring Agreement*
> > *a.* *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...*
> > \* \* \*
> > *b.* *This insurance applies to "bodily injury" and "property damage" only if:*
> > > *(1)* *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory":*
> > > *(2)* *The "bodily injury" or "property damage" occurs during the policy period; and*
> > > \* \* \*

6

(Ex. 1, CGL Form, pg. 1.)

    20.    Coverage A is subject to the following relevant exclusions:

*This insurance does not apply to:*

**a.**    ***Expected Or Intended Injury***
*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

                     \* \* \*

**o.**    ***Personal And Advertising Injury***
*"Bodily injury" arising out of "personal and advertising injury".*

                     \* \* \*

**p.**    ***Recording And Distribution Of Material Or Information In Violation Of Law***
*"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:*

**(1)**    *The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;*

**(2)**    *The CAN-SPAM Act of 2003, including any amendment of or addition to such law;*

**(3)**    *The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or*

**(4)**    *Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.*

(Ex. 1, CGL Form, pgs. 2, 5, 6.)

    21.    The Policy also provides the following relevant coverage grant for "personal and advertising injury":

***COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY***
**1.**    ***Insuring Agreement***
    **a.**    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at*

*our discretion, investigate any offense and settle any claim or "suit" that may result. But:*

* * *

***b.*** *This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

* * *

(Ex. 1, GCL Form, pg. 6.)

22.   Coverage B is subject to the following relevant exclusions:

*This insurance does not apply to:*

***a.***   ***Knowing Violation Of Rights Of Another***
*"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".*

***b.***   ***Material Published With Knowledge Of Falsity***
*"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.*

***c.***   ***Material Published Prior To Policy Period***
*"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.*

* * *

***i.***   ***Infringement of Copyright, Patent, Trademark Or Trade Secret***
*"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".*
*However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.*

***j.***   ***Insureds in Media And Internet Type Businesses***
*"Personal and advertising injury" committed by an insured whose business is:*
***(1)***   *Advertising, broadcasting, publishing or telecasting;*
***(2)***   *Designing or determining content of web sites for others;*
***(3)***   *An internet search, access, content or service provider.*
*However, this exclusion does not apply to Paragraphs **14.a.**, **b.** and **c.** of "personal and advertising injury" under the Definitions section. For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.*

8

\* \* \*

**p.    *Recording And Distribution Of Material Or Information In Violation Of Law***

*"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:*

**(1)**    *The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;*

**(2)**    *The CAN-SPAM Act of 2003, including any amendment of or addition to such law;*

**(3)**    *The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or*

**(4)**    *Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.*

\* \* \*

(Ex. 1, CGL Form, pgs. 6, 7.)

23.    "Insured" is defined by the Policy in relevant part as follows:

**1.**    *If you are designated in the Declarations as:*

\* \* \*

**c.**    *A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers."*

\* \* \*

**2.**    *Each of the following is also an insured:*

**a.**    *Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.*

\* \* \*

(Ex. 1, CGL Form, pgs. 9, 10.)

24.    The Policy is subject to the following relevant conditions:

***SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS***

9

\* \* \*

**2.** ***Duties In The Event Of Occurrence, Offense, Claim Or Suit***

    **a.**     *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*

        **(1)**   *How, when and where the "occurrence" or offense took place;*

        **(2)**   *The names and addresses of any injured persons and witnesses; and*

        **(3)**   *The nature and location of any injury or damage arising out of the "occurrence" or offense.*

    **b.**     *If a claim is made or "suit" is brought against any insured, you must:*

        **(1)**   *Immediately record the specifics of the claim or "suit" and the date received; and*

        **(2)**   *Notify us as soon as practicable.*

        *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

    **c.**     *You and any other involved insured must:*

        **(1)**   *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

        **(2)**   *Authorize us to obtain records and other information;*

        **(3)**   *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*

        **(4)**   *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

    **d.**     *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

\* \* \*

**4.**   ***Other Insurance***

*If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:*

    **a.**     ***Primary Insurance***

    *This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.*

    **b.**     ***Excess Insurance***

        **(1)**   *This insurance is excess over:*

10

> **(a)** *Any of the other insurance, whether primary, excess, contingent or on any other basis:*
>> **(i)** *That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";*
>> **(ii)** *That is Fire insurance for premise rented to you or temporarily occupied by you with permission of the owner;*
>> **(iii)** *That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or ….*
> **(b)** *Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.*
>
> **(2)** *When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.*
>
> * * *
>
> **c.   *Method of Sharing***
> *If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limits of insurance or none of the loss remains, whichever comes first.*
> *If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.*
>
> * * *

(Ex. 1, GCL Form, pgs. 11-12.)

25.   The Policy defines certain specific relevant terms as follows:

### *SECTION V – DEFINITIONS*

> **1.**   *"Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:*

11

**a.**     *Notices that are published include material placed on the Internet or on similar electronic means of communication; and*

**b.**     *Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.*

* * *

**3.**[1]     *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.*

* * *

**6.**     *"Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.*

* * *

**13.**     *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

**14.**[2]     *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

**a.**     *false arrest, detention, imprisonment;*

**b.**     *malicious prosecution;*

**c.**     *the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of the owner, landlord or lessor;*

**d.**     *Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;*

**e.**     *Oral or written publication, in any manner, of material that violates a person's right of privacy;*

**f.**     *the use of another's advertising idea in your "advertisement"; or*

**g.**     *infringing upon another's copyright, trade dress, or slogan in your "advertisement".*

* * *

**17.**     *"Property damage" means:*

**a.**     *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

**b.**     *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

* * *

---

[1] As amended by General Liability Extra Endorsement, HP GL 01 10 14.

[2] This paragraph is amended by General Liability Extra Endorsement, HP GL 01 10 14, "to include the additional offense of abuse of process."

292636278v.1

(Ex. 1, CGL Form, pgs. 13-16; General Liability Extra Endorsement, HP GL 01 10 14.)

26.     The Policy also contains the following relevant endorsements:

      a.  Limitation of Coverage to Designated Premises or Project Endorsement:

> *This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:*
>> ***1.***     *The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or*
>> ***2.***     *The project shown in the Schedule.*

(Ex. 1, CGL Form, Limitation of Coverage to Designated Premises or Project Endorsement, CG

21 44 0798.)

      b.  Exclusion – Access or Disclosure of Confidential or Personal Information and

Data-Related Liability – With Limited Bodily Injury Exception Endorsement:

> ***A.***     *Exclusion **2.p.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:*
>> ***2.***     ***Exclusions***
>>> *This insurance does not apply to:*
>>> ***p.***     ***Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability***
>>>> *Damages arising out of:*
>>>> ***(1)***     *Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or*
>>>> ***(2)***     *The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.*
>>>> *This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.*
>>>> *However, unless Paragraph (1) above applies, this exclusion does not apply to damages because of "bodily injury".*
>>>> *As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or*

> transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

> **2.    Exclusions**
>
> This insurance does not apply to:
>
> **Access Or Disclosure Of Confidential Or Personal Information**
>
> "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

(Policy, CGL Form, Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited Bodily Injury Exception Endorsement, CG 21 06 05 14.)

c.    Punitive Damages Exclusion Endorsement:

> The following exclusion is added to **Section I – Coverages, 2. Exclusions**:
>
> **Punitive Damages**
>
> Fines, penalties, punitive, exemplary, vindictive or other non-compensatory damages imposed upon the insured, or any multiplied portion of compensatory damages.

(Policy, CGL Form, Punitive Damages Exclusion Endorsement, HP GL 18 10 14.)

## **FIRST CLAIM FOR RELIEF FOR DECLARATORY JUDGMENT**

27.    Liberty restates and re-alleges the allegations set forth in paragraphs 1-27 as though fully set forth herein.

14

28.     An actual controversy exists between Plaintiff Liberty and Defendant Rosebar concerning whether, and to what extent, Liberty has any obligation to defend and/or indemnify Rosebar in connection with the Lawsuit.

29.     Liberty has no obligation to indemnify Rosebar in connection with the Lawsuit under Coverage A or Coverage B for any punitive or exemplary damages pursuant to the Policy's Punitive Damages Exclusion endorsement.

30.     Liberty has no obligation to defend and/or indemnify Rosebar in connection with the Lawsuits because Rosebar failed to provide timely notice of the claim or Lawsuit, a pre-condition to coverage.

31.     The District of Columbia views notice provisions in an insurance policy as a contractual pre-condition to coverage and prejudice is not required to assert late notice as a coverage defense. *Travelers Indem. Co. of Illinois v. United Food & Commercial Workers Int'l Union,* 770 A.2d 978, 991 (D.C. 2001); *Diamond Service Co. v. Utica Mutual Insurance Co.,* 476 A.2d 648, 652-54 (D.C. 1984); *Greenway v. Selected Risks Insurance Co.,* 307 A.2d 753, 755-56 (D.C. 1973).

32.     Underlying Plaintiff's filed the Lawsuit on December 22, 2022 and served Defendant Rosebar on January 20, 2023.

33.     Prior to putting Liberty on notice of the Lawsuit, Rosebar conducted discovery, and engaged in an unsuccessful settlement conference with Judge Merriweather.

34.     Following the settlement conference on December 11, 2023, Underlying Plaintiffs filed a Motion for Leave to Amend their Complaint and proposed Amended Complaint on December 21, 2023.

35.     However, Rosebar did not provide Liberty with notice of the Lawsuit until December 29, 2023; more than eleven months after being served, and only after the unsuccessful mediation and motion to amend Underlying Plaintiff's complaint.

36.     Although prejudice is not required to assert a late notice defense to coverage in the District of Columbia, Liberty clearly has been prejudiced by the lack of notice from its insured in this instance.

37.     Upon information and believe, Rosebar disputes Liberty's position and contends that the Policy provides coverage for the Lawsuits.

38.     Liberty is entitled to a declaration of its rights and obligations, if any, to Rosebar in connection with the Lawsuit.

39.     There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

40.     Accordingly, Liberty requests a declaration that it has no obligation to indemnify Defendant Rosebar in the Lawsuit or any additional lawsuits arising out of or in connection with the Lawsuit or the incidents described therein, based on the terms, conditions, and exclusions of the Policy.

41.     Liberty also requests a declaration that it has no obligation to defend Defendant Rosebar in the Lawsuit or any additional lawsuits arising out of or in connection with the Lawsuit or incidents described therein, based on the terms, conditions, and exclusions of the Policy.

WHEREFORE, Plaintiff, Liberty Surplus Insurance Corporation, hereby respectfully requests for judgement as follows:

A. A declaration that Plaintiff Liberty has no obligation under the Policy to indemnify Defendant Rosebar in the Lawsuit or any additional lawsuits arising out of or in connection with

the Lawsuit or the incidents described therein, based on the terms, conditions, and exclusions of the Policy.

B.  A declaration that Plaintiff Liberty has no obligation under the Policy to defend Defendant Rosebar in the Lawsuits or any additional lawsuits arising out of or in connection with the Lawsuit or the incidents described therein, based on the terms, conditions, and exclusions of the Policy.

C.  All such further relief that this Honorable Court deems proper and just.

Dated: February 26, 2024                    Respectfully submitted,

                                            **LIBERTY SURPLUS INSURANCE
                                            CORPORATION**

                                            By Counsel:

                                            WILSON, ELSER, MOSKOWITZ
                                            EDELMAN & DICKER LLP

                                            */s/ Peter M. Moore*
                                            Peter M. Moore, Esq. (DC Bar No.: 985713)
                                            8444 Westpark Drive, Suite 510
                                            McLean, VA 22102-5102
                                            Tel.: 703-245-9300
                                            Fax: 703-245-9301
                                            peter.moore@wilsonelser.com
                                            *Counsel for Liberty Surplus Insurance Corporation*

292636278v.1